UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph M. G.,            File No. 18-cv-3283 (ECT/HB)

    Plaintiff,

v.                             **ORDER ACCEPTING REPORT**
                               **AND RECOMMENDATION**

Andrew Saul, Commissioner of
Social Security,

    Defendant.

---

Plaintiff Joseph G. commenced this action by filing a complaint seeking judicial review of an administrative decision to partially deny disability insurance benefits. The case is before the Court on the January 28, 2020 Report and Recommendation [ECF No. 18] issued by Magistrate Judge Hildy Bowbeer, which recommends granting Defendant Commissioner of Social Security's motion for summary judgment [ECF No. 15] and denying Joseph G.'s motion for summary judgment [ECF No. 13] because "substantial evidence supports the ALJ's finding that before September 26, 2017, Plaintiff had the [residual functional capacity] to perform his past work as a machinist." R&R at 15. Joseph G. filed objections to the Report and Recommendation. ECF No. 20. The Commissioner responded to those objections. ECF No. 21. Because Joseph G. has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Based on that review, the Report and Recommendation will be accepted.

An administrative law judge ("ALJ") "is free to accept, in whole, in part, or not at all, the [vocational expert's] opinion at step four so long as the ALJ explains why the [vocational expert's] opinion is treated the way the ALJ treats it." *Banks v. Massanari*, 258 F.3d 820, 828 (8th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work."). Here, the vocational expert testified that an individual in the same circumstances and with the same functional limitations as Joseph G., including a limitation of sitting, standing, or walking approximately six hours per eight-hour day, could not perform his past relevant work as a machinist because he would be required to stand and walk more than six hours of an eight-hour workday. Admin. Rec. at 66–68 [ECF No. 11-2]. The expert also testified that he thought "most jobs at the medium level are expecting eight hours on feet." *Id.* at 67. In rejecting this testimony, the ALJ sufficiently explained that it was contrary to section DI 25001.001(A)(46) of the Social Security Administration's Program Operations Manual (or "POMS"), which states that medium work "usually [r]equires walking or standing for approximately 6 hours of the day." *Id.* at 23; *see Rodysill v. Colvin*, 745 F.3d 947, 950 (8th Cir. 2014) ("As an interpretation of a regulation promulgated by the Commissioner, the POMS control unless they are inconsistent with the regulation or plainly erroneous."). The Program Operations Manual is not inconsistent with the regulations applicable in this case. *See* Dictionary of Occupational Titles § 600.280-022 Machinist, U.S. Dep't of Labor (4th ed. Rev. 1991), 1991 WL 684669; 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983). Joseph G. does not otherwise argue that the ALJ's imposition of a six-hour limitation on his ability to sit,

2

stand, or walk in the assessment of his residual functional capacity was incorrect. *See* Admin. Rec. at 18. Accordingly, the ALJ's finding that before September 26, 2017, Joseph G. was capable of performing his past relevant work because the work "did not require the performance of work-related activities precluded by the claimant's residual functional capacity," *see id.* at 22, is supported by substantial evidence.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objections to the Report and Recommendation [ECF No. 20] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 18] is **ACCEPTED** in full;

3. Plaintiff's Motion for Summary Judgment [ECF No. 13] is **DENIED**;

4. Defendant's Motion for Summary Judgment [ECF No. 15] is **GRANTED**;

5. The action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 16, 2020    s/ Eric C. Tostrud
                         Eric C. Tostrud
                         United States District Court